[Civ. No. 4980.  Second Appellate District, Division One.—October 31, 1927.]

E. J. THOMAS, Appellant, v. H. SPITZER, Respondent.

William Ellis Lady for Appellant.

Charles Schusterman for Respondent.

McLUCAS, J., *pro tem.*—This is an action brought to recover the sum of four hundred dollars, for which amount the defendant gave plaintiff his check and on which defendant stopped payment.  Plaintiff appeals from the judgment rendered for defendant.

Plaintiff and defendant entered into an agreement for the purchase and sale of real estate, wherein defendant gave to plaintiff his check for four hundred dollars as first payment and agreed to pay the balance into escrow.  The agreement contained a provision that the evidence of title was to be in the form of a guaranteed title to be issued by a responsible title company.  It was further agreed that in the event the purchaser failed to pay the balance of the purchase price, the amounts paid thereon should, at the option of the seller, be retained as liquidated damages.  It was agreed that in

the event the title should not prove to be merchantable and the seller should not be able to perfect the same within a reasonable time, the purchaser should have the option of receiving back his deposit and be released from all obligations. It appears that at the time of making this agreement the land in question had been brought under the Torrens title system, of which the defendant purchaser testified he had no knowledge. The plaintiff testified that the defendant called his attention to the fact that he had a Torrens title, but that defendant did not demand a guaranteed title and said that he (the defendant) would go through with the deal. Plaintiff further testified that he was ready and willing to close the deal, but that he had not arranged with the title company to issue a policy of insurance, which he would have done had the defendant not stopped payment on the check. The defendant testified that after signing the contract he met the plaintiff at the escrow office of the Title Insurance and Trust Company, where he was informed in the presence of the plaintiff that the title company could not issue a guarantee, but would issue a policy of insurance; that he then demanded that plaintiff return his check, and upon plaintiff's failure to do so, he stopped payment on the check.

It appears from the evidence that plaintiff could not and did not deliver nor offer to deliver to defendant that which the parties contracted for, to wit, a guarantee of title issued by a responsible title company. Appellant argues that a certificate of title under the Torrens system is a guaranteed title, as that term is used in the agreement between the parties, particularly if it be accompanied by a policy of insurance issued by a responsible title company. We cannot agree with plaintiff's argument. It may or may not be, as argued by the plaintiff, that the security afforded by a Torrens title, accompanied by an insurance policy issued by a title company, is greater than that under a guaranteed certificate of title issued by a responsible title company; yet the fact remains that a contract to do one thing cannot be performed by an offer to do another thing equally as good or better than that agreed upon. The doing of anything else or different from that designated in the contract will not suffice. (*Merkeley* v. *Fisk,* 179 Cal. 748, 756 [178 Pac. 945].) In our opinion, there was a failure of con-

sideration and defendant was justified in stopping payment of the check.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1927.